**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01277-CMA-NYW

POPSOCKETS LLC,

      Plaintiff,

v.

ONLINE KING LLC, and
JOHN DOES 1-10,

      Defendants.

---

## ORDER ON PENDING MOTIONS

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on three motions:

(1)     Defendant ONLINE KING, LLC's ("Defendant") Motion for Stay of Discovery and Scheduling Order Compliance Until Ruling on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue (the "Motion to Stay" or "Motion"), filed September 12, 2019, [#35];

(2)     Plaintiff PopSockets LLC's ("Plaintiff" or "PopSockets") Proposed Protective Order (the "Motion for Protective Order"), filed September 19, 2019, [#36]; and

(3)     Plaintiff's Proposed Electronic Discovery Protocol (the "Motion for ESI Protocol"), filed September 19, 2019, [#37].

The undersigned Magistrate Judge considers the Motions pursuant to 28 U.S.C. § 636(b) and the Memoranda dated September 23 and October 10, 2019, respectively. *See* [#38; #41]. This court concludes that oral argument will not materially assist in the

resolution of these matters. Accordingly, having reviewed the Motions, the applicable case law, and the entire docket, this court **GRANTS IN PART and DENIES IN PART** the Motion to Stay and **DENIES AS MOOT** the Motions for Protective Order and ESI Protocol for the reasons stated herein.

## BACKGROUND

Plaintiff, a Colorado limited liability company, "develops, manufactures, markets, and sells grips/stands, mounts, and other mobile device accessories under the POPSOCKETS brand." [#1 at ¶¶ 1, 7]. Plaintiff "sells its products in the United States exclusively through its own website and through a network of Authorized Distributors, Authorized Retailers (who purchase products directly from PopSockets and sell products either at their brick-and-mortar locations or through their proprietary websites authorized by PopSockets, as detailed herein), and Authorized Resellers (who purchase products from distributors and sell either through approved websites or at their brick-and-mortar locations, as described herein) (collectively 'Authorized Sellers')." [*Id.* at ¶ 8]. Plaintiff has also registered various PopSockets trademarks with the United States Patent and Trademark Office, which according to Plaintiff have "substantial value" given the "superior quality and exclusive distribution of PopSockets products." [*Id.* at ¶¶ 9-15].

On May 2, 2019, Plaintiff initiated this civil action against Defendant (as well as several John Does Defendants). *See* [#1]. Plaintiff alleges that Defendant is not an Authorized Seller of PopSockets products but sells such products online without adhering to PopSockets' strict product quality standards. *See* [*id.* at ¶¶ 104-83]. Because of this, Plaintiff alleges Defendant has sold defective and/or damaged products under the PopSockets trademarks, which has resulted in customers leaving disparaging and

negative reviews of the PopSockets products online. *See generally* [*id.*]. Accordingly, Plaintiff asserts claims against Defendant for trademark infringement, unfair competition, and false advertising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, as well as a state law claims for trademark infringement, unfair competition, deceptive trade practices, and tortious interference with existing and/or prospective contracts and business relations. [*Id.*].

Relevant here, Defendant filed its Notice of Motion and Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or, Alternatively, to Transfer Venue (the "Motion to Dismiss") on July 15, 2019. [#18].[1] Following several continuances, the Parties appeared before the undersigned Magistrate Judge for a Scheduling Conference on September 5, 2019, at which this court learned that Defendant did not participate in drafting the Proposed Scheduling Order given its Motion to Dismiss and its challenges to this court's personal jurisdiction over Defendant. *See* [#33]. This court explained that it was not this District's practice to automatically stay discovery in matters when a Motion to Dismiss is filed in the absence of a concurrent request to stay discovery, *see* [*id.*], and thus this court proceeded to set a pre-trial discovery schedule without prejudice to any arguments made in the Motion to Dismiss, *see* [#34].

Defendant filed the instant Motion to Stay on September 12, 2019, requesting that this court stay discovery in this matter pending the disposition of its Motion to Dismiss. *See* [#35]. Plaintiff has since responded in opposition to the Motion to Stay, and this court prohibited any replies absent leave of the court—neither party has sought leave to file

---

[1] The Motion to Dismiss remains pending before the presiding judge, the Honorable Christine M. Arguello.

additional briefing.  *See* D.C.COLO.LCivR 7.1(d) (nothing precludes a judicial officer from ruling on a motion at any time).  Accordingly, the Motion to Stay is now ripe for determination, and this court considers the Parties' arguments below.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending.  Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'"  *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425 WYD BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007).  Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## ANALYSIS

Defendant argues for a stay of discovery pending resolution of their Motion to Dismiss because the *String Cheese* factors weigh in favor of stay pending the court's determination of the personal jurisdiction and venue issues.  *See* [#35].  Specifically,

Defendant argues that: (1) while Plaintiff may have an interest in proceeding expeditiously with this matter, it may do so be re-filing in the appropriate venue as argued in the Motion to Dismiss and any delay in proceeding in this District is Plaintiff's doing; (2) the burden on Defendant is high should it have to proceed with discovery in an improper venue and before a court that does not have personal jurisdiction over Defendant, which raises the possibility of inconsistent judicial rulings should discovery proceed here and this matter is later transferred or dismissed; (3) judicial economy weighs in favor of a stay because it is more efficient to stay the matter until the court knows if it will remain in this District, which also reduces the risk of inconsistent judicial rulings; (4) nonparties' interests are better protected with a stay as many nonparty witnesses reside outside of this forum; and (5) the public has an interest in avoiding wasteful efforts by the court. *See* [*id.* at 2-5].

PopSockets opposes the Motion. It argues that an indefinite stay of this matter will be prejudicial to Plaintiff because "it will delay [its] ability to prosecute its rights," which is especially harmful here because "***Defendant continues to engage in the challenged conduct***." [#40 at 5-6 (emphasis in original)]. Second, Plaintiff contends Defendant will not be unduly burdened by discovery because regardless of the disposition of the Motion to Dismiss Defendant will be subject to discovery in some forum. *See* [*id.* at 8-9]. Finally, Plaintiff argues that a stay is not more convenient for the court because its interests are better served by the "speedy administration of justice"; the interests of non-parties are not benefited from a stay, as proceeding with discovery now reduces the risk of witnesses not remembering pertinent facts, or moving, or inadvertently destroying pertinent documents; and the public has an interest in the speedy resolution of matters. *See* [*id.* at 10-12].

To start, a stay is not warranted merely because Defendant filed a Motion to Dismiss that they believe is dispositive of the matter. *See Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case" when considering the appropriateness of a stay). But courts are more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues. *See, e.g.*, *Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Morrill v. Stefani*, No. 17-CV-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (staying discovery pending outcome of Motion to Dismiss based on personal jurisdiction and improper venue); *Sallie v. Spanish Basketball Fed'n*, No. 12-CV-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) (same). With that said, courts remain hesitant about granting indefinite stays of discovery pending the outcome of a Motion to Dismiss based on personal jurisdiction. *See, e.g.*, *Kennedy v. McCormick*, No. 12-CV-00561-REB-MEH, 2012 WL 1919787, at *2 (D. Colo. May 24, 2012) (granting temporary stay of discovery pending outcome of Rule 12(b)(2) Motion to Dismiss); *First Am. Mortg., Inc. v. First Home Builders of Fla.*, No. 10-CV-00824-REB-MEH, 2011 WL 1482942, at *3 (D. Colo. Apr. 19, 2011) (same).

Next, as to the first *String Cheese* factor, this court is not entirely convinced that Plaintiff is not prejudiced by a stay given its ability to dismiss this civil action and refile in

a different forum. Indeed, granting a stay pending resolution of Defendant's Motion to Dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences." *Chavez*, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). And this is especially so where, as here, Plaintiff's injury remains ongoing. *See United States v. Centerre Gov't Contracting Grp.*, LLC, No. 13-CV-02823-CMA-MJW, 2014 WL 1924368, at *8 (D. Colo. May 13, 2014) (finding prejudice to the plaintiffs if the case was stayed because the plaintiffs alleged that defendants caused continuous consequential damages, including financial hardship). Thus, the first *String Cheese* factor weighs against a stay.

As to the second *String Cheese* factor, I conclude that this factor weighs in favor of a stay. While this court is aware of the discovery burdens imposed on all litigants, that burden on Defendant does not appear out of the ordinary here. *See Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here."). But "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). And this court agrees with Defendant that this burden could become prejudicial in the event this matter is transferred to another district, thereby increasing the possibility of inconsistent discovery obligations and court rulings. *See Aurora Bank FSB v. Network Mortg. Servs., Inc.*, No.

13-CV-00047-PAB-KLM, 2013 WL 3146972, at *2 (D. Colo. June 19, 2013) (staying discovery pending the outcome of a Rule 12(b)(2) Motion to Dismiss and finding the burden on the defendants in proceeding with discovery under the circumstances weighed in favor of a stay).

As to the third *String Cheese* factor, I find that a temporary stay of discovery will better promote judicial economy. "If the motion to dismiss is granted, the case against this defendant will be fully resolved; thus, staying the matter temporarily furthers the interests of judicial economy and efficiency." *Sallie*, 2013 WL 5253028, at *2. Thus, the third *String Cheese* factor weighs in favor of a stay.

Finally, while the public may have an interest in not wasting court resources, this court is not convinced that such is the case here. Further, it is unclear to what extent the interests of nonparties will be impacted by discovery in this matter. Thus, these factors neither favor nor counsel against a stay.

In sum, the *String Cheese* factors weigh in favor of a <u>temporary</u> stay of this action pending resolution of Defendant's Motion to Dismiss. Accordingly, this court will stay discovery for a period of 90 days, with the possibility of an extension should the Motion to Dismiss remain pending and upon a showing of the need for a further stay. In addition, it appears that Defendant declined to substantively participate in negotiating a Protective Order and ESI Protocol. Plaintiff's Motions for Protective Order and ESI Protocol are **DENIED without prejudice**, subject to re-filing. **<u>Defendant is advised that should this court determine that it is appropriate to proceed with discovery even without final resolution of the Motion to Dismiss, any failure to engage may be construed as a waiver of any objection to the relief sought by Plaintiff</u>**.

**CONCLUSION**

Therefore, for the reasons stated herein, **IT IS ORDERED** that:

(1)     Defendant's Motion to Stay [#35] is **GRANTED IN PART and DENIED IN PART**;

(2)     Plaintiff's Motion for Protective Order [#36] and Motion for ESI Protocol [#37] are **DENIED without prejudice**, with leave to re-file if appropriate;

(3)     Discovery in this matter is hereby **STAYED** for **90 days**, with the stay to be lifted on **January 10, 2020** or upon the denial of the Motion to Dismiss, whichever occurs first;

(4)     A Status Conference is **SET** for **January 13, 2020** at **10:00 a.m.** in Courtroom A-502 before the undersigned Magistrate Judge, at which the Parties may address whether it is appropriate to further stay this matter should the Motion to Dismiss remain pending; and

(5)     To the extent Judge Arguello denies the Motion to Dismiss prior to the January 13, 2020 Status Conference, the Parties shall jointly contact chambers at (303) 335-2600 within **three (3) business days** of Judge Arguello's ruling to set this matter for a Status Conference.


DATED: October 11, 2019                    BY THE COURT:

                                           _____
                                           Nina Y. Wang
                                           United States Magistrate Judge